JONES, SNEAD, WERTHEIM & WENTWORTH, P.A.

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW MEXICO

MAX W. COLL, II, and CATHERINE JOYCE-COLL,
Trustees of the Residence Trust of Max W. Coll, II and
Catherine Joyce-Coll, for themselves and all others
similarly situated,

      Plaintiffs,

v.

                            CIV - 0 6 - 3 ⁀ 8   JH ACT.

                            No. _____

FIRST AMERICAN TITLE INSURANCE COMPANY, and
Its affiliates and its agents in New Mexico;
NEW MEXICO PUBLIC REGULATORY COMMISSION;
JASON MARKS, DAVID W. KING, BEN R. LUJAN,
LYNDA M. LOVEJOY, AND E. SHIRLEY BACA,
Commissioners of the Public Regulatory Commission;
NEW MEXICO DEPARTMENT OF INSURANCE; and
ERIC SERNA, Superintendent of Insurance,

      Defendants.

---

### NOTICE OF REMOVAL

This is the notice of removal filed by Defendant, First American Title Insurance Company ("First American"), under 28 U.S.C. § 1446.

### PROCEDURAL HISTORY

1.      Plaintiffs, Max W. Coll and Catherine Joyce-Coll ("Plaintiffs"), filed their "Class Action Complaint for Injunction Damages, Declaratory, and Other Relief" ("Complaint") in the First Judicial District Court, County of Santa Fe, New Mexico entitled <u>Max W. Coll, II and Catherine Joyce-Coll, Trustees of the Residence of Trust of Max W. Coll, II and Catherine Joyce Coll, for themselves and all others similarly situated v. First American Title Insurance Company, and its affiliates and its agents in New</u>

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

Mexico; New Mexico Public Regulatory Commission; Jason Marks, David W. King, Ben R. Lujan, Lynda M. Lovejoy, and E. Shirley Baca, Commissioners of the Public Regulatory Commission; New Mexico Department of Insurance; and Eric Serna, Superintendent of Insurance, Civil Action No. D-0101CV-2006-00689. Contemporaneously with the filing of the petition, Plaintiffs also filed written discovery requests, a motion for class certification, and a memorandum in support of class certification. (A copy of pleadings and process served on First American are submitted with this Notice of Removal as Exhibit 1).

2.    Service of the Complaint was effectuated on First American on March 29, 2006.

3.    Besides First American, Plaintiffs also bring this action against Defendants, the New Mexico Public Regulatory Commission; Jason Marks, David W. King, Ben R. Lujan, Lynda M. Lovejoy, and E. Shirley Baca, as Commissioners of the Public Regulatory Commission; the New Mexico Department of Insurance; and Eric Serna, the Superintendent of Insurance in New Mexico (collectively, the "State Defendants").

### THE CLASS ACTION COMPLAINT

4.    Plaintiffs' complaint avers that the New Mexico Title Insurance Act, N.M.S.A. 1978, §§59A-30-1 to 15, violates the anti-monopoly provisions of the New Mexico Constitution (Comp. ¶ 9). Based on the purported unconstitutionality of the statute, Plaintiffs aver that the conduct of First American and the State Defendants amounts to anti-competitive price-fixing, even though Plaintiffs acknowledge that First

Notice of Removal -- Page 2

American's conduct complies with New Mexico law. Plaintiffs claim they are entitled to recover damages and other relief for themselves and a putative class. (Comp. ¶ 56; Prayer for Relief, ¶¶ D-K).

5.      Predicated on the alleged unconstitutionality of the New Mexico Title Insurance Act. Plaintiffs appear to allege five purported causes of action:

A.      violations of the New Mexico Unfair Insurance Practices Act, N.M.S.A. §§ 59A-16-1 through -30 by First American and the State Defendants (Comp. ¶ 56);

B.      violations of the New Mexico Antitrust Act, N.M.S.A. §§ 57-1-1 through -19 (Comp. ¶ 56) by First American and the State Defendants;

C.      violations of the New Mexico Unfair Trade Practices Act, N.M.S.A. §§ 57-12-1 through -22 by First American and the State Defendants (Comp. ¶ 56);

D.      violations of the New Mexico Price Discrimination Act, N.M.S.A. 1978, § 57-14-1 through -9 (Prayer for Relief, ¶ G);[1] and

---

[1]      Although Plaintiffs do not refer to a violation of the New Mexico Price Discrimination Act, N.M.S.A. 1978, § 57-14-1 through -9, in the body of the Complaint, they do refer to N.M.S.A. 1978, §57-14-8(A) once as a basis for obtaining damages in their Prayer for Relief. (Prayer for Relief, ¶ G) ("Awarding plaintiffs and all members of the class damages against the defendant First American Title and its agents and others who have acted in concert with them, including actual, compensatory, punitive and statutory damages, such as provided by NMSA, 1978, § 57-1-3(A); **57-14-8(A); and 57-12-10(B).**") (emphasis is added).

Notice of Removal – Page 3

E.    a request for monetary damages against First America and for a declaratory judgment against the State Defendants for alleged violations of the New Mexico state constitution (Prayer for Relief, ¶¶ E, I).

6.    Plaintiffs aver that they "purchased a title insurance policy from First American Title on or about August 15, 2003, in order to purchase their home near Santa Fe, New Mexico. They paid $2,430 for the policy. They had no choice but to buy title insurance because title insurance is required in order to obtain mortgage financing." (Comp. ¶ 7).

7.    Plaintiffs allege that they "purchased another title insurance policy from First American Title on or about September 15, 2005, when they refinanced and remodeled their home."  (Comp ¶ 8).  Plaintiffs allege that they had "no choice to buy another title insurance policy, even though they already had title insurance on their home, because title insurance is required in order to obtain mortgage refinancing."  (*Id.*). Plaintiffs further allege that "defendants require consumers to buy duplicate title insurance every time they refinance their homes, even though they already have coverage and the underlying risks have not changed materially."  (*Id.*).

8.    Plaintiffs allege that they "were forced to pay excessive and unreasonable prices for their title insurance because defendants have engaged in anti-competitive price fixing, which is a combination in restraint of trade contrary to the anti-monopoly provisions of the New Mexico Constitution." (Comp. ¶ 9).

9.    Plaintiffs also allege that "all of the title insurers in New Mexico charge exactly the same price for title insurance and related services. There is no competition on

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

the price of title insurance in New Mexico." (Comp. ¶ 10) Plaintiffs further contend that "[a]ll of the title insurers in New Mexico issue the same policy forms, with no significant variations in the risks insured and the risks excluded from coverage. There is no competition on the scope of title insurance coverage in New Mexico." (Comp. ¶ 11).

10.    Plaintiffs contend that "[a]s a result, the named plaintiffs and other similarly situated have been damaged because defendants' actions forced them to pay excessive and unreasonable prices for title insurance and related services, prevented them from shopping for and obtaining competitive prices and services, and prevented them from shopping for and obtaining better insurance coverage." (Comp. ¶ 12).

11.    Plaintiffs allege that "[t]he prices for their policy were fixed in restraint of trade by the concerted actions of defendants under the purported authority of the Title Insurance Act, N.M.S.A. 1978, §§59A-30-1 through – 15. The defendant Regulators require all title insurance companies to charge the same rate and issues the same restricted policies…" (Comp. ¶ 14).

12.    Plaintiffs seek to represent a putative class of "[a]ll purchasers of title insurance from First American Title or its affiliates, covering property located in New Mexico, from March 29, 2000 forward." (Comp. ¶ 60 & Prayer for Relief, ¶¶ A-C).

13.    Plaintiffs contend that "there are thousands of class members… ." (Comp. ¶ 61).

14.    Plaintiffs allege that title insurance companies in New Mexico collected $111,000,000 in premiums in 2004. (Comp. ¶ 22). They further allege that "it is reasonable to expect" that these premiums would be 25% lower "if defendants ceased

their collusion and their activities in restraint of trade." (*Id.*). Plaintiffs seek disgorgement of the monetary amounts by which First American purportedly was "unjustly enriched" by the sale of these policies. (Prayer For Relief, ¶ H).

15.    Based on their allegations that First American and the State Defendants violated the New Mexico Unfair Insurance Practices Act, the New Mexico Antitrust Act, the New Mexico Unfair Trade Practices Act (Comp. ¶ 56), and, apparently, the New Mexico Price Discrimination Act (Prayer for Relief ¶ G), the Plaintiffs seek the following relief: (1) an injunction; (2) a declaratory judgment; (3) writs of mandamus and prohibition; (4) actual, punitive, and statutory damages as provided by N.M.S.A. § 57-1-3(A); § 57-14-8(A); and § 57-12-10(B); (5) disgorgement of profits; (6) damages for violations of Plaintiffs and the class's constitutional rights; (7) costs and (8) attorneys' fees. (Prayer for Relief, ¶¶ D-K).

16.    Importantly, Plaintiffs only seek monetary damages against First American, not the State Defendants. Moreover, in regard to the disgorgement of profits demanded directly from First American in their prayer for relief described in paragraph 14 above, Plaintiffs further contend that the $111,000,000 in premiums collected in one year (2004) would have been 25% lower if Defendants purported improper conduct had not occurred. (Comp. ¶ 22).

## THE CLASS ACTION FAIRNESS ACT

17.    The Class Action Fairness Act ("CAFA") "is intended to expand substantially federal court jurisdiction over class actions." S.Rep. No. 109-14, at *43. *as*

*reprinted in* 2005 U.S.C.C.A.N. 3, \*\*41. Its provisions "should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed by any defendant." *Id.* The Act was passed with the intent "that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court." *Id.*; *see also* H. Rep. No. 108-144, at 37-39 (2003); H. Rep. No. 109-7 (2005).

18.     Pursuant to CAFA, when the number of putative class members defined in the Complaint exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### THE COURT HAS ORIGINAL JURISDICTION OF THIS CASE

19.     The requirements for this Court's exercise of jurisdiction are clearly and unequivocally satisfied in this case.

20.     Plaintiffs are potentially citizens of any State, as Plaintiffs' class definition does not limit the putative class to New Mexico residents, but instead defines the class as "purchasers of title insurance . . . covering property located in New Mexico . . . ." (Comp. ¶ 60). Thus, there are clearly members of the putative class who are citizens of New Mexico and some who are citizens of other States.

Notice of Removal – Page 7

21.     Plaintiffs allege that First American is a citizen of the State of California where it is incorporated and where it has its principal place of business. (Comp. ¶ 3; *see also* Declaration of Charles H. Woods, ¶ 2 (attached hereto as Exh. 2)).

22.     For federal jurisdiction, CAFA requires minimal diversity, that is, at least one member of the class must be a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2)(A).  Because there are members of the class who are citizens of a State different from a defendant, CAFA's requirement of minimal diversity is met. 28 U.S.C. § 1332(d)(2); Woods Decl., ¶ 2.  Even if the class is limited to New Mexico residents, minimal diversity still exists because First American is a citizen of California.

23.     There are clearly more than 100 putative class members.   In fact, Plaintiffs allege that there are "thousands" of members of the class. (Comp. ¶ 61).  Thus, the requirement of 28 U.S.C. § 1332(d)(2)(5)(b) that there be at least 100 putative class members is satisfied. (Woods Decl., ¶ 4, Ex. 1).

24.     A defendant seeking removal under CAFA must establish the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.  28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(6).  Where "a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction." S. Rep. 109-14, *42, *as reprinted in* 2005 U.S.C.C.A.N. 3, **40.

25.     Here there is no uncertainty; the alleged damages that Plaintiffs seek clearly exceed the $5,000,000 amount in controversy requirement.  Plaintiffs, in addition to a host of other damages, seek disgorgement of the monetary amounts by which First

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

American purportedly was "unjustly enriched" by the sale of these policies. (Prayer For Relief, ¶ H). Based on Plaintiffs' allegations, this amounts to First American's share of 25% of the $111,000,000 in premiums collected for just one year of the class period (2004). (Comp. ¶ 22). This alone is sufficient to meet the amount in controversy requirement. Put another way, Plaintiffs allege that in any given year over $27 million was overcharged by title insurance companies, like First American, as a result of their compliance with New Mexico's statutory regime related to the sale of such policies. Moreover, for six of the class years (2000-2005), First American issued approximately 141,763 title insurance policies concerning real property located in New Mexico and collected premiums in New Mexico totaling approximately $150,726,976 (Woods Decl. ¶¶ 3-6, Ex.1). Based on Plaintiffs' request for disgorgement of approximately 25% of this amount, the jurisdictional amount easily is met.

26.     This amount alone, based solely on Plaintiffs' complaint, satisfies the $5,000,000 amount in controversy required under 28 U.S.C. § 1332(d) for class actions removed under CAFA's "minimal diversity" jurisdictional requirements.

27.     Additionally, Plaintiffs also seek a vast array of other damages on behalf of the putative class of thousands. They also seek equitable relief in numerous forms, compensatory damages, punitive damages, attorneys' fees and costs. (Prayer for Relief, ¶¶ D-K). Although First American disputes the breadth and propriety of Plaintiffs' class allegations, the putative class they seek to represent clearly seeks damages in excess of $5,000,000.00 in the aggregate. *See Fiore, Jr. v. First American Title Ins. Co.*, 2005 WL 3434074, * 3, Cause No. 05-CV-474-DRH (S.D. Ill., Dec. 13, 2005) (district court denied

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

motion to remand because defendant showed reasonable probability that the stakes exceeded the statutory minimum of $5,000,000)(attached hereto as Exhibit 3).

28.     Furthermore, Plaintiffs assert entitlement to damages under N.M.S.A. 1978, § 57-14-8(A), which allows a plaintiff to "recover threefold, the amount of damages sustained, costs of suit and a reasonable attorney fee." *Id.* Thus, the amount of alleged damages must be trebled for purposes of meeting the amount in controversy. *See, e.g., Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("the potential award of attorneys' fees, in addition to compensatory and treble damages, should have been considered in determining whether Woodmen satisfied the jurisdictional amount").

29.     Moreover, when a complaint seeks punitive damages as here, they are properly considered in determining whether the jurisdictional amount in controversy has been satisfied. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001) ("Punitive damages may be considered in determining whether the jurisdictional amount requirement is satisfied.")(citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir.1996)).

30.     "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42.

Notice of Removal – Page 10

31.    While First American does not concede that Plaintiffs' proposed putative class can be certified, the class Plaintiffs seek to represent creates, at a minimum, a reasonable probability that "the matter in controversy exceeds the sum of $5,000,000...." 28 U.S.C. § 1332(d)(2).    Therefore, jurisdiction under CAFA exists in this case. 28 U.S.C. § 1332(d)

## NO EXCEPTIONS APPLY

32.    Since the requirements of CAFA are clearly met, as shown above, Plaintiffs may seek to invoke exceptions to CAFA to defeat jurisdiction. However, as demonstrated below, no exception applies in this case.

33.    As an initial matter, Plaintiffs, not First American, bear the burden of showing an exception to CFA jurisdiction applies. *See* S.Rep. No. 109-14, at *44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, **41; *see also Robinson v. Cheetah Transp., Robinson v. Cheetah Transp.*, No. Civ.A. 06-0005, 2006 WL 468820. *3 (W.D.La. Feb. 27, 2006) ("The Senate Report on CAFA clearly indicates that the burden of proving the application of CAFA's exceptions rests with the party opposing removal."). Although First American is not required to make <u>any</u> showing that a possible exception does not apply, as seen below, it is clear that no exception does apply.

### The State Action Exception Is Inapplicable

34.    Plaintiffs have named agencies and officials of the State of New Mexico as co-defendants and may assert that § 1332(d)(5)(A) (the "state action exception") applies. 28 U.S.C. § 1332(d)(5)(A)). However, this state action exception is inapplicable because the State Defendants are not the "primary defendants" in this action, which is a

prerequisite under the exception.  CAFA's drafters foresaw the possibility of a plaintiff attempting to invoke this exception by simply naming a state, a state agency, or a state official, and they foreclosed this tactic by requiring that the state be a primary defendant. S. REP. 109-14 (2005). *42. *as reprinted in* 2005 U.S.C.C.A.N. 3, **40 ("this provision should not become a subterfuge for avoiding federal jurisdiction.  In particular, plaintiffs should not be permitted to name state entities as defendants as a mechanism to avoid federal jurisdiction over class actions that largely target non-governmental defendants.").

35.    The state action exception precludes CAFA jurisdiction only when "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."    28 U.S.C. § 1332 (d)(5)(A).

36.    The legislative history of CAFA warns that "[f]ederal courts should proceed cautiously before declining federal jurisdiction under the subsection 1332(d)(5)(A) 'state action' case exception, and do so only when it is clear that the primary defendants are indeed states, state officials, or other governmental entities against whom the 'court may be foreclosed from ordering relief.'"  S. REP. 109-14 (2005), *42. *as reprinted in* 2005 U.S.C.C.A.N. 3, **40.

37.    The legislative history of CAFA expressly states that "[f]or purposes of class actions that are subject to subsections 1332(d)(3) and (d)(5)(A), the Committee intends that 'primary defendants' be interpreted to reach those defendants who are the real 'targets' of the lawsuit — *i.e.*, the defendants that would be expected *to incur most of*

Notice of Removal · Page 12

*the loss if liability is found.*" S. REP. 109-14, *43, 2005 U.S.C.C.A.N. 3,**41 (emphasis added).

38.     The State Defendants are not the primary defendants in this action. First American is the only "primary defendant" because it is the only defendant against which money damages in any form are sought. Unquestionably, First American is the defendant that would "incur most of the loss if liability is found." S. REP. 109-14, *43, *as reprinted in* 2005 U.S.C.C.A.N. 3,**41.

39.     Plaintiffs aver that First American and the State Defendants violated the New Mexico Unfair Insurance Practices Act, the New Mexico Antitrust Act, the New Mexico Unfair Trade Practices Act, the New Mexico Price Discrimination Act, and the Constitution of the State of New Mexico (Comp. ¶ 56; Prayer for Relief, ¶ G, I)). However, Plaintiffs only seek monetary damages from First American, not from the State Defendants. (Prayer for Relief, ¶ G, requesting actual, punitive, and statutory damages against First American as provided by New Mexico Unfair Insurance Practices Act, the New Mexico Price Discrimination Act, and the New Mexico Unfair Trade Practices Act)). [2]

---

[2]     In their request for relief, Plaintiffs seek "damages against *defendants* for violating the plaintiffs' constitutional rights under the Constitution of the State of New Mexico." (Prayer for Relief, ¶ I) (emphasis added). To the extent that Plaintiffs' use of "defendants" is intended to mean they request damages from both First American and the State Defendants, clear and well-settled New Mexico law regarding sovereign immunity precludes a suit for damages against the State Defendants based on a purported violation of a state constitutional right. *Ford v. Dep't of Pub. Safety,* 119 N.M. 405, 412, 891 P.2d 546, 553 (N.M. Ct. App.1994) ("absent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right."). Because Plaintiffs are precluded from obtaining damages from the State Defendants

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

40.    In fact, Plaintiffs have no ability to seek such damages from the State Defendants because the doctrine of sovereign immunity precludes Plaintiffs from bringing actions under the New Mexico Unfair Insurance Practices Act, the New Mexico Antitrust Act, the New Mexico Unfair Trade Practices Act, and the New Mexico Price Discrimination Act for damages against the State Defendants. N.M.S.A. 1978, § 41-4-2(A) ("it is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act"). This immunity applies whether this action is pursued in a New Mexico state court or in federal court. The statutory actions brought by Plaintiffs are not identified in the Tort Claims Act (or elsewhere) as actions for which sovereign immunity has been waived for a suit against State governmental entities and State officials. *See* N.M.S.A. 1978, §§ 41-4-1 through 41-4-27. Consequently, Plaintiffs cannot bring an action for damages or other monetary relief against the State Defendants based on alleged violations of these statutes. *Valdez v. State*, 132 N.M. 667, 673, 54 P.3d 71, 77 (N.M. 2002) ("in order for a plaintiff to sue a governmental entity, the cause of action must fit within one of the exceptions under the TCA"); *see also Ford v. Dep't of Pub. Safety*, 119 N.M. 405, 412, 891 P.2d 546, 553 (N.M. Ct. App. 1994) ("absent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right.").

---

under New Mexico law, notwithstanding Plaintiffs' use of the plural form of "defendant." First American is the only defendant that could incur any loss if liability is found.

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

41.     Furthermore, the State Defendants are not within the statutory list of those subject to suit or to regulation under these statutes.

A.     The New Mexico Unfair Insurance Practices Act is expressly limited in scope to "insurers, fraternal benefit societies, nonprofit health care plans . . ." and other *businesses* "subject to the superintendent's supervision under the Insurance Code." N.M.S.A. § 59A-16-1 (2006) (emphasis added). There simply is no right of action against the State Defendants under this Act.

B.     Similarly, the New Mexico Antitrust Act specifically exempts "the state" from its definition of regulated persons. N.M.S.A. § 57-1-1.2 (2006); *see also Daddow v. Carlsbad Municipal School District*, 120 N.M. 97, 103, 898 P.2d 1235, 1241 (N.M. 1995) (the term 'state' includes state agencies for purposes of evaluating government immunity) (citing N.M.S.A. 1978, § 41-4-3(G)(1978). There is no right for an action against the State Defendants under this statute.

C.     The New Mexico Unfair Trade Practices Act allows recovery only against "person[s]" who engage in unfair or deceptive trade practices. N.M.S.A. § 57-12-10(B) (2006). The statute defines "person[s]" as "natural persons, corporations, trusts, partnerships, associations, cooperative associations, clubs, companies, firms, joint ventures or syndicates." N.M.S.A. § 57-12-2(A) (2006).

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

This definition excludes causes of action against government agencies and officers acting in their official capacity. *Id.* There is no right for an action against the State Defendants under this statute.

D.   The New Mexico Price Discrimination Act, N.M.S.A. 1978, § 57-14-1 through -9 is expressly limited in scope to an actions against a "person," which is defined as "an individual, partnership, association, corporation. joint-stock company or business trust." *See* N.M.S.A. 1978, § 57-14-2.; *see also* N.M.S.A. 1978, § 57-14-3 (A) ("It is unlawful for any *person* engaged in commerce ...") (emphasis is added). There is no right of action against the State Defendants under this Act.

42.   Therefore, under clear and well-settled New Mexico law, Plaintiffs can, at most, assert only an action for a declaratory judgment against the State Defendants. (*See* Prayer for Relief. ¶ D ("declaratory judgments establishing the rights and obligations of the parties with respect to the issues and disputes set forth in this complaint"). Yet even this claim is duplicative of their claim for a declaratory judgment against First American. The State defendants simply will not incur any "loss if liability is found." *See* S. REP. 109-14, *43, as reprinted in* 2005 U.S.C.C.A.N. 3.**41. Under these circumstances, the State Defendants are not and cannot be a "primary" defendant. Accordingly, the state action exception does not apply.

**The Home State Controversy Exception Is Inapplicable**

43.     Section 1332(d)(4)(B) (known as the "home state controversy exception") permits a district court to decline jurisdiction if (1) two-thirds or more of the members of the plaintiff class are citizens of the state in which the suit was filed <u>and</u> (2) the primary defendant is a citizen of the state in which the suit was brought.   28 U.S.C. § 1332(d)(4)(B).   This exception fails for two reasons.   First, since Plaintiffs' class definition includes residents of states other than New Mexico, Plaintiffs cannot show that two-thirds of the putative class are citizens of New Mexico.   Second, even if Plaintiffs could make that showing, the primary defendant, First American, is a citizen of California.

**The Interests of Justice Exception Is Inapplicable**

44.     Section 1332(d)(3) (known as the "interests of justice exception") permits a district court to decline jurisdiction if (1) more than one-third, but fewer than two thirds of the members of the putative class are citizens of the state in which the suit was filed and (2) the primary defendant is a citizen of the state in which the suit was brought. 28 U.S.C. § 1332(d)(3).   The primary defendant (First American) is not a citizen of New Mexico.   Because First American is a citizen of California, this exception cannot apply.

**The Local Controversy Exception Does Not Apply**

45.     Section 1332(d)(4)(A) (known as the "local controversy exception"), permits a district court to decline jurisdiction only if the following four circumstances are met: (1) greater than two thirds of the members of the putative class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom

Notice of Removal – Page 17

members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the instant class action. 28 U.S.C. § 1332(d)(4)(A).

46.    This exception is inapplicable for two reasons: (1) since Plaintiffs' class definition includes residents of states other than New Mexico, Plaintiffs cannot show that two-thirds of the putative class are citizens of New Mexico; and (2) there is no in-state defendant from whom "significant relief" is sought by the class. As shown previously, First American, an out-of-state defendant, is the only defendant from whom monetary damages or other monetary relief possibly could be recovered. No monetary relief is sought from the State Defendants. The only relief possible relating to the State Defendants is a declaratory judgment that is redundant of the declaratory judgment claim against First American. Thus, the local controversy exception does not apply. *See, generally, Robinson v. Cheetah Transp.*, No. Civ.A. 06-0005, 2006 WL 468820, *4 (W.D. La. Feb. 27, 2006) (local controversy exception is not applicable because in-state defendant is "as the Senate stated in its report, 'just small change' in comparison to what the putative class is seeking from the other defendants"); *see also* S. REP. 109-14 (2005), *41, *as reprinted in* 2005 U.S.C.C.A.N. 3, **39 ("Even if the plaintiffs are truly seeking

relief from the dealers, that relief is just small change compared to what they are seeking from the manufacturer").

## REMOVAL IS PROPER

47.     This Notice of Removal is filed within thirty days of March 29, 2006, which is the time when First American was first served with the Complaint and summons. Thus, it is timely filed.

48.     First American is not required to obtain the consent of any other defendant for the removal of this action. 28 U.S.C. § 1453(b); *see also Braud v. Transport Service Co. of IL.*, _ F.3d _, 2006 WL 880051, *4-5 (5th Cir. 2006) ("The language of CAFA is plain that any single defendant can remove (without the consent of other defendants) the entire class action (not merely the claims against that defendant)").

49.     This action is not one described in 28 U.S.C. § 1332 or § 1453 as being non-removable.

50.     First American will promptly file a copy of this Notice of Removal with the clerk of the First Judicial District Court, County of Santa Fe, New Mexico, and provide written notice of the removal to all other counsel of record.

51.     This Court embraces the county and court in which Plaintiffs filed this case. Therefore, this action is properly removed to the District of New Mexico pursuant to 28 U.S.C. § 111.

52.     Pursuant to Fed. R. Civ. P. 81(c), First American will file its answer or present its other defenses or objections available under the Federal Rules within five days after the filing of this Notice of Removal.

**JONES, SNEAD, WERTHEIM & WENTWORTH, PA**

FOR RELIEF Defendant, First American Title Insurance Company respectfully requests that this cause be removed from the First Judicial District Court, County of Santa Fe, New Mexico, that this Court exercise jurisdiction over this matter and grant it all other appropriate relief.

Respectfully submitted,

JONES, SNEAD, WERTHEIM & WENTWORTH, P.A.
Attorneys for Defendant First American Title Insurance Co.

By

JERRY WERTHEIM
JERRY TODD WERTHEIM
Post Office Box 2228
Santa Fe, NM   87504-2228
Telephone:  (505) 982-0011
Facsimile:  (505) 989-6288

BRYAN CAVE LLP
Charles A. Newman, MO Bar # 24735
Jason E. Maschmann, MO Bar # 46200
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

JONES, SNEAD, WERTHEIM & WENTWORTH, PA

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Notice Of Removal was mailed to counsel listed below, by first-class mail, postage prepaid, this 27th day of April, 2006:

Victor R. Marshall, Esq.
Attorney for Plaintiffs
Victor R. Marshall & Associates, P.C.
12509 Oakland, NE
Albuquerque, NM   87122

Allen Ferguson, Esq.
(Acting) General Counsel
Office of General Counsel
Public Regulation Commission
P.O. Box 1269
Santa Fe, NM   87504

JERRY WERTHEIM

Notice of Removal – Page 21

THE EXHIBITS ATTACHED TO THIS

PLEADING ARE TOO VOLUMINOUS TO

SCAN.  SAID EXHIBITS ARE ATTACHED

TO THE ORIGINAL PLEADING IN THE

CASE FILE WHICH IS LOCATED IN THE

RECORDS DEPARTMENT,  U.S.

DISTRICT COURT CLERK'S OFFICE.